UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH TRAVERS, | Case No. 3:25-cv-05764-TMC |
| Plaintiff, | ORDER AFFIRMING AND DISMISSING CASE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff Joseph E. Travers IV seeks review of the denial of his application for Social Security Supplemental Security Income ("SSI"). Plaintiff alleges the Administrative Law Judge ("ALJ") erred by classifying certain gastrointestinal symptoms as non-severe and rejecting medical opinion evidence. Dkt. 9. After reviewing the record, the Court concludes that the ALJ did not err in finding that Plaintiff is not disabled. Accordingly, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    PROCEDURAL HISTORY

Plaintiff's SSI application under 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied both on initial review and on reconsideration. Administrative Record ("AR") 102–06, 108–10. On June 7, 2024, the Administrative Law Judge ("ALJ") held a hearing on

ORDER AFFIRMING AND DISMISSING CASE - 1

Plaintiff's request for benefits.[1] AR 53–87. Plaintiff requested review of the ALJ's decision, and the Appeals Council denied his request on June 26, 2025. AR 1–6.

On September 2, 2025, Plaintiff filed a Complaint in this Court. Dkt. 3. On November 3, 2025, Defendant filed the sealed Administrative Record. Dkt. 6. Plaintiff and Defendant have each submitted additional briefing on the issues. Dkts. 9, 11. The case is ripe for the Court's consideration.

### III.   BACKGROUND

Plaintiff was born in June 1997 and was 23 years old on the alleged date of disability onset of March 30, 2021. AR 17. Plaintiff has at least a high school education. AR 32.

According to the ALJ, Plaintiff suffers from "severe impairments" including "[m]ajor depressive disorder, anxiety disorder, bipolar disorder, opioid use disorder, seizure disorder, posttraumatic stress disorder, and panic disorder." AR 20. Plaintiff also reports experiencing gastrointestinal symptoms, including "anal fissure, hemorrhoids, gastroenteritis, ulcerative colitis, and alcohol[-]induced pancreatitis," but the ALJ determined that these symptoms are not severe. AR 20–21. The ALJ found that Plaintiff was not disabled because he had the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 416.967(b) except the claimant could never climb ladders, ropes, or scaffolds; would need to avoid concentrated exposure to extreme cold, extreme heat, and humidity; would need to avoid concentrated exposure to respiratory irritants such as fumes, odors, dusts, gases, and poorly ventilated areas; and would need to avoid any exposure to hazardous machinery and unprotected heights. Additionally, the claimant could understand, remember, and carry out simple instructions; could use judgment to make simple work-related decisions; would not be able to do work requiring specific rate production such as assembly line work, or work that requires hourly quotas; could have occasional interaction with co-workers and supervisors; and could have no direct interaction with the general public.

---

[1] Plaintiff's hearing was initially scheduled for February 16, 2024, but it was postponed to allow Plaintiff to secure representation. AR 42–45, 58.

ORDER AFFIRMING AND DISMISSING CASE - 2

AR 26.

## IV.   DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Plaintiff challenges the ALJ's decision on two bases: (1) that the ALJ erred in finding that his nausea, vomiting, and abdominal pain were not severe, and (2) that the ALJ erred in rejecting the medical opinion of Jacob Van Fleet, MD. Dkt. 9. Neither provides a basis for remand.

**A.     Substantial evidence supports the ALJ's conclusion that Plaintiff's gastrointestinal symptoms are non-severe.**

The ALJ employed a five-step process to evaluate Plaintiff's SSI application. AR 18–19; 20 C.F.R. § 416.920(a)(4). At the second step, the ALJ considered whether any of Plaintiff's medical symptoms, including his gastrointestinal symptoms, constituted "a severe medically determinable physical or mental impairment." AR 20; C.F.R. § 416.920(a)(4)(ii). The ALJ determined that Plaintiff's gastrointestinal symptoms were non-severe because evidence in the record showed normal functioning in his abdominal region. AR 20–21. The ALJ found that "treatment notes from November 2021 have indicated that the claimant's abdominal pain and nausea were possibly secondary to opioid withdrawal," meaning that Plaintiff's gastrointestinal symptoms "could not reasonably be expected to have more than a minimal effect on the claimant's ability to perform basic work activities." AR 21. But even after reaching this conclusion at step two, the ALJ still considered these symptoms at subsequent steps of the analysis, again concluding based on the evidence in the record that any gastrointestinal symptoms were not disabling. AR 22–23, 28–29.

ORDER AFFIRMING AND DISMISSING CASE - 3

Plaintiff argues that his nausea, vomiting, and abdominal pain are severe because they "are consistently documented throughout the medical record." Dkt. 9 at 3. But substantial evidence postdating the alleged disability onset date shows that Plaintiff's abdomen and gastrointestinal tract appeared normal in medical exams. *See, e.g.*, AR 581, 708, 741–42, 836, 963, 977, 1229, 1236, 1436, 1468. This is enough to uphold the ALJ's conclusion that Plaintiff's gastrointestinal symptoms are non-severe.

Plaintiff contends that the negative test results relied upon by the ALJ are unpersuasive. Dkt. 9 at 4. He points to 2022 treatment notes by Dr. Van Fleet, who wrote that Plaintiff's nausea, vomiting, and abdominal pain had an "unclear cause" and may have been connected to Plaintiff's mental health. AR 1262. But even if Plaintiff's gastrointestinal symptoms were related to mental health rather than a physiological cause, the symptoms themselves do not manifest in the medical exam results cited by the ALJ. And the evidence that Plaintiff cites to the contrary, some of which predates the alleged onset of disability, is inconsistent and does not address the severity of these symptoms. *See, e.g.*, AR 376 (describing Plaintiff's gastrointestinal symptoms as "No heartburn. Nausea. No vomiting"), 381 (same), 386 (finding that Plaintiff experienced "[n]o nausea and no vomiting"), 417 (describing Plaintiff's gastrointestinal symptoms as "[n]egative for . . . nausea and vomiting"), 536 (stating that Plaintiff "reports nausea and vomiting"), 578 (describing Plaintiff's symptoms as "[p]ositive for abdominal pain, blood in stool and nausea" but "[n]egative for vomiting"), 705–06 (stating that Plaintiff complains of nausea and vomiting). Moreover, to the extent that the evidence in the record "is susceptible to more than one rational interpretation," the Court must defer to the ALJ's conclusion. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

ORDER AFFIRMING AND DISMISSING CASE - 4

In addition, even if the ALJ erred in assessing the severity of these symptoms, this error is harmless because the ALJ considered these symptoms at subsequent steps of the analysis. *See* AR 22–23, 28–29. The Ninth Circuit has explained that "[s]tep two is merely a threshold determination meant to screen out weak claims" and "[t]he RFC therefore *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017). And where, as here, "step two was decided in [Plaintiff's] favor . . . [h]e could not possibly have been prejudiced." *Id.* at 1049.

The Court thus upholds the ALJ's determination that these symptoms are non-severe.

**B.      Dr. Van Fleet's opinion was inconsistent with other medical evidence in the record.**

In an April 2024 medical opinion, Dr. Van Fleet found that Plaintiff experienced "weekly to monthly" nausea and vomiting lasting "8-24 hours" at a time. AR 1122. He determined that had Plaintiff attempted to perform sedentary work, Plaintiff would have experienced absenteeism "[d]ue to recurrent nausea and vomiting." AR 1123. The ALJ concluded that this opinion was unpersuasive because it was "not entirely consistent with the rest of the evidence." AR 32. Plaintiff asserts that this conclusion was erroneous, arguing again that the medical evidence considered by the ALJ was unpersuasive in light of Dr. Van Fleet's 2022 treatment notes. Dkt. 9 at 5–6.

For the same reasons discussed in Subsection IV.A above, the Court agrees with the ALJ that Dr. Van Fleet's opinion was inconsistent with other medical evidence showing that Plaintiff's abdomen and gastrointestinal tract appeared normal. *See, e.g.*, AR 581, 708, 741–42, 836, 963, 977, 1229, 1236, 1436, 1468. Based on this inconsistency with substantial evidence in the record, the ALJ did not err in deeming Dr. Van Fleet's opinion unpersuasive. *See Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022); 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to

ORDER AFFIRMING AND DISMISSING CASE - 5

support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.").

### V.   CONCLUSION

Based on these reasons and the relevant record, the Commissioner's final decision is AFFIRMED, and this case is DISMISSED with prejudice.

Dated this 15th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER AFFIRMING AND DISMISSING CASE - 6